**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DOROTHY JACKSON | CIVIL ACTION |
| VERSUS | 18-603-SDD-RLB |
| JOHN PIERRE, RAY L. BELTON, ANN A. SMITH, PATRICK D. MAGEE, CURMAN L. GAINS, DONALD R. HENRY, LEON R. TARVER, II, JOHN L. BARTHELEMY, LEROY DAVIS, DOMOINE RUTHLEDGE, ARMOND DUNCAN, RANI WHITFIELD, ALFREDA DIAMOND, VIRGINIA LISTACH, WINSTON DECUIR, JR., AND THE BOARD OF SUPERVISORS FOR THE SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE | |

**RULING**

This matter is before the Court on the *Special Motion to Strike*[1] filed by Defendant, Winston DeCuir, Jr. ("DeCuir"). Plaintiff Dorothy Jackson ("Jackson") filed an *Opposition*,[2] to which DeCuir filed a *Reply*.[3] For the following reasons, the Defendant's *Motion* shall be denied.

**I.  FACTUAL BACKGROUND**

This case arises out of Jackson's termination from her position as a tenured professor at the Southern University Law Center ("SULC"). During the relevant time period, namely, during the investigation and hearing that preceded Jackson's termination in 2017, DeCuir, an attorney, was retained by the Board of Supervisors at Southern University to represent the Southern University Law Center.[4] In her *Complaint*, Jackson

---
[1] Rec. Doc. No. 55.
[2] Rec. Doc. No. 78.
[3] Rec. Doc. No. 92.
[4] Rec. Doc. No. 55-1, p. 9.
50880

alleges that DeCuir "conspired and entered into an agreement to cause the unlawful termination and loss of Professor Jackson's tenured professorship."[5] Jackson further alleges that, when she requested that DeCuir provide her with specific information about the charges against her so that she "could properly defend herself,"[6] DeCuir participated in a teleconference with Jackson in which he provided misleading or deliberately vague information. Subsequently, at the hearing related to Jackson's termination, DeCuir allegedly "articulated specifics relative to the charges that were never communicated" to her, specifically allegations that Jackson violated an outside employment policy and that she failed to properly input records into the computers at the Law Clinic.[7] Also, Jackson alleges that DeCuir "impermissibly served as prosecutor of the charges brought against [her] while at the same time acting as legal advisor to [] the Board, and the faculty committee."[8] Jackson contends that the above actions constituted, or contributed to, violations of her constitutional right to due process.

In this *Special Motion to Strike*, DeCuir invokes Louisiana Code of Civil Procedure Article 971, which was enacted by the Louisiana legislature in 1999 as a means of discouraging "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances."[9] Like a motion to dismiss under Federal Rule of Civil Procedure 12, Article 971 provides "a procedural device to be used early in the legal proceedings to screen meritless claims."[10] Under

---

[5] Rec. Doc. No. 1, p. 13.
[6] *Id.* at p. 22.
[7] *Id.* at p. 23.
[8] *Id.* at p. 24.
[9] Sec. 2 of Acts 1999, No. 734 (see Editor's Notes to La. Code Civ. Proc. Art. 971 in Westlaw).
[10] *Lee v. Pennington*, 830 So.2d 1037, 1041 (La. App. 4 Cir. 2002).
50880

Article 971, a person who is sued in connection with an action taken "in furtherance of the person's right of petition or free speech . . . in connection with a public issue"[11] may bring a special motion to strike the cause of action against him. DeCuir argues that here, "plaintiff's state law claims are subject to a Special Motion to Strike."[12]

## II. LAW AND ANALYSIS

To succeed in a special motion to strike, the movant must first "make a prima facie showing that the matter arises from an act in furtherance of his or her right of free speech or the right of petition and in relation to a public issue."[13] DeCuir argues that this requirement is met because the allegations against him arise "out of statements made by DeCuir in connection with Jackson's investigation, investigatory hearing, appeal and termination. The statements were made in connection with a public issue as they are related to a former tenured State University law professor, and involve public entities."[14] Jackson disagrees, arguing that the relevant case law has held Article 971 to be applicable only to judicial proceedings, and that, even if the administrative proceedings at Southern were held to be judicial proceedings, her lawsuit concerns DeCuir's actions that occurred "outside of those proceedings, to deprive her of her constitutional rights and commit other tortious conduct against her."[15]

The Parties' substantive analysis is of no moment until it can be established that Article 971, a Louisiana state procedural law, is available here, in federal court. Generally, of course, federal courts apply federal procedural law. It is true that some federal courts

---

[11] La. Code Civ. Proc. art. 971(A)(1).
[12] Rec. Doc. No. 55, p. 5.
[13] *Henry v. Lake Charles Am. Press*, 566 F.3d 164, 181 (5th Cir. 2009).
[14] Rec. Doc. No. 55-1, p. 23.
[15] Rec. Doc. No. 78, p. 8.
50880

in Louisiana have allowed special motions to strike under Article 971 to proceed in federal court where the underlying case was before the court based on diversity jurisdiction, such that Louisiana law governed the case.[16] However, the instant suit is brought under 42 U.S.C. § 1983, with this Court's jurisdiction thus predicated on federal question jurisdiction under 28 U.S.C. § 1331. Jackson's state law claims are properly before the Court only via supplemental jurisdiction under 28 U.S.C. § 1367.

Jackson's *Opposition* does not address the applicability of Article 971 in federal court. DeCuir correctly notes in his *Memorandum in Support* that "[t]he U.S. Fifth Circuit has yet to rule on whether Article 971 is available to defendants to gain dismissal of state law claims in matters involving claims arising under both state and federal law."[17] Thus, in the absence of binding authority, DeCuir would have this Court follow a footnote in an Eastern District of Louisiana ruling stating that "Louisiana courts have specifically noted the similarities between article 971 and California's anti-SLAPP statute and have looked to California case law in the absence of precedential Louisiana authority on point."[18] However, this Court notes that the Eastern District's reference to California law arose out of a debate over the meaning of the "cause of action" language of Article 971; it was not a comment on the applicability of California law to the question of whether or not motions to strike under Article 971 are welcome in federal question actions in federal court in the Fifth Circuit.

---

[16] *Henry v. Lake Charles Am. Press, L.L.C.,* 566 F.3d 164, 168–69 (5th Cir. 2009)("Louisiana law, including the nominally-procedural Article 971, governs this diversity case"); Hoffman v. Bailey, 996 F. Supp. 2d 477 (E.D. La. 2014)(considering an Article 971 special motion to strike in a defamation suit before the court on the basis of diversity).
[17] Rec. Doc. No. 55-1, p. 18.
[18] *Louisiana Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F.Supp. 2d 662, 670, n. 17 (E.D. La. 2012).
50880

In urging this Court to defer to California law, DeCuir cites *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,[19] which he calls the "seminal Ninth Circuit case"[20] on the applicability of Article 971-style anti-SLAPP motions in federal court cases based on federal question jurisdiction. In *Newsham*, the Ninth Circuit examined whether a special motion to strike of this type impermissibly collides with Rules 8, 12, and 56 of the Federal Rules of Civil Procedure, ultimately concluding that special motions to strike should be available because there were no federal interests undermined by the application of anti-SLAPP provisions in federal court.[21]

This Court declines to adopt the rationale of the Ninth Circuit in *Newsham*, for several reasons. First of all, the Fifth Circuit has not yet spoken on the issue. In fact, although special motions to strike have on occasion been permitted before Fifth Circuit federal courts sitting in diversity,[22] as the Western District of Louisiana noted in a recent ruling, the availability of Article 971 motions in diversity cases is far from settled:

> In *Henry*, the Fifth Circuit "appeared to recognize that application of Article 971 does not create an *Erie* problem when [it] held that 'Louisiana law, including the nominally-procedural Article 971, governs this diversity case.'"[23] However, later cases have cast some doubt on "whether Louisiana's anti-SLAPP law is appropriately asserted in a federal diversity case."[24] In *Lozovyy* and a subsequent case, *Block v. Tanenhaus*,[25] the Fifth Circuit declined to reach this issue in light of the parties' failure to adequately brief same, and proceeded by "assuming the statute does not conflict with the Federal Rules."[26] see also *Mitchell v. Hood*,[27] ("Because we decide this case on alternative grounds, we need not decide whether Louisiana's anti-

---

[19] 190 F.3d 963 (9th Cir. 1999).
[20] Rec. Doc. No. 55-1, p. 20.
[21] *Newsham* at 972-973.
[22] See *infra* n. 11.
[23] *Lozovyy v. Kurtz*, 813 F.3d 576, 582 (5th Cir. 2015)(quoting *Henry*, 566 F.3d at 168–69).
[24] *Id*. (quoting *Mitchell v. Hood*, 614 Fed. Appx. 137, 139, n. 1 (5th Cir. 2015)(per curiam)).
[25] 815 F.3d 218, 221-22 (5th Cir. 2016).
[26] *Lozovyy* at 583 (internal punctuation omitted).
[27] 614 Fed. Appx. 137, 139, n. 1 (5th Cir.2015).

50880

SLAPP law is appropriately asserted in a federal diversity case").[28] If Louisiana federal courts have been hesitant to apply Article 971 even in diversity cases, where there is a more compelling basis for applying Louisiana law, it follows that this Court should hesitate to do so in a case that finds itself in federal court based on federal question and supplemental jurisdiction.

Second, the Ninth Circuit cited the absence of a "direct collision" between state and federal law as a point in favor of making the special motion to strike available in federal court. Without concluding that Article 971 does or does not conflict with the Federal Rules of Civil Procedure, this Court notes that, in this case, DeCuir's *Special Motion to Strike* is, if not literally *conflicting* with his pending *12(b)(6) Motion to Dismiss*, at least duplicating it, in a procedural sense. In this *Special Motion to Strike*, DeCuir invokes Article 971 as a mechanism for "weeding out meritless claims"[29] and having Jackson's state law claims against him dismissed. In his *12(b)(6) Motion to Dismiss*, he argues that the entire case against him, including both federal and state law claims, "should be dismissed, in its entirety, for failure to state a claim or to otherwise identify sufficient supporting facts upon which any relief can be granted to Jackson."[30] DeCuir has two motions pending before this Court – one is unquestionably permissible under the Federal Rules and seeks the dismissal of all claims against him, and the other is on shaky legal footing and, if granted, would only dispose of Jackson's state law claims. Because of the unclear status of these motions within the Fifth Circuit, and in the interest of judicial economy, this Court declines to adopt the rationale articulated by DeCuir for permitting

---

[28] *Schmidt v. Cal-Dive Int'l, Inc.*, 183 F. Supp. 3d 784, 789, n.4 (W.D. La. 2016).
[29] *Newsham* at 272.
[30] Rec. Doc. No. 38-1, p. 13.
50880

an Article 971 motion in this case. DeCuir's *Special Motion to Strike* is hereby denied, without prejudice to re-urge following the disposition of this Court's ruling on the *12(b)(6) Motion to Dismiss*.[31]

## III. CONCLUSION

For the above reasons, DeCuir's *Special Motion to Strike*[32] shall be DENIED without prejudice to being re-urged at a later date. Because the instant motion is denied, DeCuir's *Motion to Strike Exhibits A-D of Plaintiff's Memorandum in Opposition to Defendant's Special Motion to Strike*[33] shall be denied as moot.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 2, 2019</u>.

*[signature]*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] In the event that this motion is re-urged, the Court will require further briefing by both Parties on the applicability of La. Code Civ. Proc. art. 971 in Louisiana federal courts.
[32] Rec. Doc. No. 55.
[33] Rec. Doc. No. 86.